```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

ALFRED BANKS,                       *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *   CIVIL ACTION 08-00457-CG-B
                                    *
MICHAEL J. ASTRUE,                  *
Commissioner of                     *
Social Security,                    *
                                    *
     Defendant.                     *
```

## REPORT AND RECOMMENDATION

Plaintiff Alfred Banks ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq. This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral arguments were held on June 18, 2009. Upon careful consideration of the administrative record, the oral arguments, and the memoranda of the parties, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED.**

### I. Procedural History

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on August 19, 2005. (Tr. 99-100, 103-105, 139). Plaintiff alleges that he has

been disabled since November 30, 2005[1], due to back problems and an inability to bend, stand, lift or carry anything. (Tr. 26, 99, 132). Plaintiff's applications were denied at the initial stage, and he filed a timely Request for Hearing before an Administrative Law Judge ("ALJ"). (Tr. 54-59, 63). On December 28, 2007, Administrative Law Judge Ben E. Sheely ("ALJ Sheely") held an administrative hearing, which was attended by Plaintiff, his representative, and a vocational expert. (Tr. 23-47). On July 7, 2006, ALJ Sheely issued an unfavorable decision finding that Plaintiff is not disabled. (Tr. 8-22). Plaintiff's request for review was denied by the Appeals Council ("AC") on July 8, 2008. (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner in accordance with 20 C.F.R. § 404.981. Id. The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**II.   Issue on Appeal**

A.   Whether the ALJ erred by assigning Plaintiff a residual functional capacity ("RFC") of light work in reliance on a physician's opinion that precludes light work.

**III.  Factual Background**

Plaintiff was born on June 12, 1956 and has a twelfth-grade education. He also has one year of business and management school.

---

[1]Plaintiff initially alleged that his disability onset date was February 28, 2003, but changed his alleged onset date to November 30, 2005 at the hearing. (Tr. 26).

(Tr. 28, 99, 103, 136). Plaintiff has past relevant work ("PRW") as a yard man for a manufacturing company and as an assistant manager at a package store. Plaintiff has also been self employed performing odd jobs. (Tr. 124-125, 149). According to Plaintiff, his last job entailed cutting grass and wood. (Tr. 38).

Plaintiff testified that he has not been able to work since 2005 because of problems with his arms, legs and back. (Tr. 28). Plaintiff further testified that his neck swells such that he cannot move it, and that he has problems with his right arm that make it difficult for him to hold anything in his right hand. (Tr. 30-31). Plaintiff also testified that due to problems with his shoulders, he sometimes can only lift his arms so high. (Tr. 31, 34). Plaintiff testified that he had ankle surgery in 2000, and that both of his ankles swell if he wears shoes. (Tr. 32-33, 42).

Plaintiff further testified that he has high blood pressure, and has problems with his hips, particularly on the right, and that his right leg swells. (Tr. 33-34). According to Plaintiff, he can lift five pounds repetitively, and can stand for about 30 minutes, walk about 100 yards, and sit 15 to 20 minutes before he has to get up. (Tr. 35-36). Plaintiff testified that he can bathe, clean and dress without assistance, but he is unable to perform housework or other chores around the house. (Tr. 36-37). Plaintiff also testified that he is able to drive, and that he would be able to have his driving privileges restored after he completes his jail

sentence[2].   (Tr. 27, 38-39, 41).

During the administrative hearing, the VE testified that Plaintiff's past work as an assistant manager is light, stock clerk is heavy, cashier is light, and sawyer is medium, and that Plaintiff has no transferable skills.  (Tr. 44).  He further testified that a hypothetical person with the same age, educational level and vocational history as Plaintiff and an RFC of light work would be able to return to his past work as a cashier, and to other jobs in the national economy such as assembler jobs, janitor jobs, parking lot attendant jobs, and courier jobs.  (Tr. 44-45).  He further testified that an individual who is unable to reach at all would be precluded from any work; however, he interpreted Dr. Fontana's reaching assessment to relate to Plaintiff's inability to reach overhead.  (Tr. 46).

### IV.  Analysis

#### A.  Standard Of Review

In reviewing claims brought under the Act, this Court's role is a limited one.  The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).[3]  A court

---

[2] At the time of the hearing, Plaintiff was serving a jail sentence for driving with a suspended licence. (Tr. 38-39).

[3] This Court's review of the Commissioner's application of legal principles is plenary.  Walker v. Bowen, 826 F.2d 996, 999

may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[]"). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. DIST. LEXIS 10163 (S.D. Ala. 1999).

    **B.**   **Discussion**

An individual who applies for Social Security disability benefits must prove his disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§

---

(11th Cir. 1987).

423(d)(1)(A), 404.1505(a), 416.905(a).   The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven her disability.  20 C.F.R. §§ 404.1520, 416.920.[4]

In the case <u>sub judice</u>, the ALJ determined that Plaintiff met the non-disability requirements for a period of disability and disability insurance benefits and was insured for benefits through January 15, 2008, the date of the decision. (Tr. 13).  The ALJ also found that Plaintiff has the following severe impairments:

---

[4]The claimant must first prove that he or she has not engaged in substantial gainful activity.  The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  <u>Jones v. Bowen</u>, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history.  <u>Id</u>. at 1005.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  <u>Sryock v. Heckler</u>, 764 F.2d 834 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled.  <u>Jones v. Apfel</u>, 190 F.3d 1224, 1228 (11th Cir. 1999).  <u>See also</u> <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing <u>Francis v. Heckler</u>, 749 F.2d 1562, 1564 (11th Cir. 1985)).

osteoarthritis cervical and lumbar spine; degenerative disc disease cervical and lumbar spine; lumbar radiculopathy; impingement of the left and right shoulder with adhesive capsulitis; and probable arthritis of the hips.  The ALJ concluded that Plaintiff's impairments, though severe, do not meet or medically equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4.  (Tr. 13-24).  The ALJ also found that  Plaintiff's allegations regarding the intensity, persistence and limiting effects of his alleged symptoms were not entirely credible, and that Plaintiff retained the residual functional capacity ("RFC") to perform a wide range of light work.  (Tr. 16, 19).  The ALJ, in reliance on the medical evidence and the testimony of the VE, concluded that Plaintiff is able to return to his past relevant work as a assistant manager and cashier; thus, he is not disabled.  (Tr. 20).

The relevant medical evidence[5] includes office notes from Franklin Primary Health Center, Inc. ("Franklin").  The notes reflect that Plaintiff was treated at Franklin on December 8, 2005. He reported low back pain and right leg numbness down the lateral thigh and back of calf.  The notes reflect that on physical examination, Plaintiff had negative straight leg raises bilaterally.

---

[5]While the undersigned has examined all of the medical evidence contained in the record, including that which was generated before Plaintiff's alleged onset date, only that evidence which is relevant to the issues before the Court is included in the summary.

The exam was normal except for coarse crackles on the left and right back, and tenderness on palpation in the lumbar paraspinal area. Plaintiff was diagnosed with degenerative disc disease and chronic obstructive pulmonary disorder[6].  (Tr. 273-274).

Plaintiff was treated at Thomas Hospital ("Thomas") emergency room on three occasions between February and September of 2005.  On February 17, 2005, Plaintiff reported sharp right arm pain after pulling some trees while working.  His physical exam was normal except for right arm pain. He was diagnosed with acute right upper arm pain and right bicep muscle strain, was prescribed Lorcet Plus[7], and was referred to an orthopedic.  (Tr. 194-202).

Plaintiff's next treatment at Thomas emergency room was on August 15, 2005.  Plaintiff reported low back pain, radiating into his right leg, and placed his pain at a "6" on a "1 to 10" pain scale.  The treatment notes reflect that Plaintiff's gait was steady.  His physical exam was normal except for back pain radiating into his right leg.  Plaintiff was diagnosed with back pain and back

---

[6]Some of the entries on the December 8th notes are difficult to decipher.

[7]Lorcet Plus is a narcotic pain reliever.  See, www.drugs.com.  (Last visited June 2, 2009).

strain, and was prescribed Ultracet[8] and Flexeril[9]. (Tr. 174-182).

Plaintiff returned to Thomas emergency room on September 12, 2005, complaining of ear pain. He was diagnosed with an upper respiratory infection. (Tr. 160-164, 166-173).

Plaintiff was treated at Franklin on January 5, 2006, and reported that Neurontin[10] was not helping much. His physical exam was normal except for tenderness in the lumbosacral spine. (Tr. 271-272). Office notes dated October 12, 2006 indicate that Plaintiff left the Franklin facility without being seen. (Tr. 326).

Plaintiff received treatment at Thomas during the September 20, 2006 to October 25, 2006 timeframe. Plaintiff presented to the Thomas emergency room on September 20, 2006, with complaints of arm pain, and abdominal distention and pain with nausea. Plaintiff's abdominal x-ray was normal, and his gall bladder x-ray showed a contracted gall bladder. A gall bladder ultrasound the next day was normal. (Tr. 305-320).

On October 6, 2006, Plaintiff presented to the Thomas emergency room, with complaints of upper quadrant and abdominal pain for the

---

[8]Ultracet is a narcotic-like pain reliever used to treat moderate to severe pain. See, www.drugs.com. (Last visited June 2, 2009).

[9]Flexeril is a muscle relaxant. See, www.drugs.com. (Last visited June 2, 2009).

[10]Neurontin is an anti-seizure medication that is also used to treat nerve pain. See, www.drugs.com. (Last visited June 2, 2009).

past month.  His physical exam was normal except for a distended and painful abdomen.  He was diagnosed with diffuse abdominal pain, and referred for a gastrointestinal evaluation.  An abdominal pelvic CT scan on this day was normal.  (Tr. 289-303).

Andre J. Fontana, M.D. performed an orthopedic evaluation at the request of the Agency on August 13, 2007.  On physical exam, Plaintiff's cervical spine flexion was 35, extension was 20, rotation was 40 left and right, flexion was 15 left and right, motor was 5/5, sensory was intact, and reflexes were 1+ in the biceps, triceps and brachioradialis.  Plaintiff's right shoulder forward flexion was 160, abduction was 100, external rotation was 30, internal rotation was 100, and extension was about 70.  His left shoulder forward flexion was 150, external rotation was 30, internal rotation was 100, extension was 60 and abduction was 110. Plaintiff's toe-heel gait was good and deep tendon reflexes were 1+. Plaintiff reported decreased sensation in the lateral right leg. Plaintiff's straight leg raise produced some mild back pain, with 90 to sitting, 60 in supine, and internal rotation of both the left and right hip produced some pain.  (Tr. 321-322).

Dr. Fontana reported that Plaintiff's cervical spine x-ray showed facet joint disease and osteoarthritis; his left tibia x-ray was normal; his lumbar spine AP x-ray was normal, and lumbar spine lateral showed moderate-to-severe disc space collapse at L5-S1, and moderate anterior osteophytes at L1-2, 2-3 and 4-5.  Plaintiff's

cervical spine x-ray showed moderate-to-severe degenerative disc disease, with disc space narrowing at 5-6, with very large anterior osteophytes, and an AP of his cervical spine showed some osteoarthritis in the facet joint area.  (Tr. 322).

Dr. Fontana diagnosed Plaintiff with osteoarthritis cervical spine; degenerative disc disease of the cervical spine; osteoarthritis of the lumbar spine; degenerative disc disease of the lumbar spine, lumbar radiculopathy; impingement of the left and right shoulder with adhesive capsulitis; and probably arthritis of the hips.  In the narrative summary, Dr. Fontana opined that Plaintiff has the following limitations: no overhead activities, no constant repetitive activity, no pulling on arm controls, no climbing, no walking at unprotected heights, bending and stooping occasionally, and lifting over 20 pounds only occasionally.  (Tr. 322-323).

Dr. Fontana completed a Physical Capacities Evaluation ("FCE")form on the same date.  On the form, Dr. Fontana indicated that Plaintiff is limited to sitting, standing and walking two hours at a time and three to four hours total in an eight-hour workday, and frequently lifting and carrying up to five pounds and occasionally lifting and carrying up to 20 pounds.  Dr. Fontana also checked boxes indicating that Plaintiff is limited to occasional bending and squatting, and that he is to never crawl, climb or reach.  Finally, Dr. Fontana also indicated that Plaintiff should

never work at unprotected heights, that Plaintiff is moderately restricted from work around moving machinery and that Plaintiff is mildly restricted him from work involving driving automotive equipment.  He placed no restrictions on Plaintiff's exposure to marked changes in temperature and humidity, and on his exposure to dust, fumes and gases.  (Tr. 324).

> **1.  Whether the ALJ erred by assigning Plaintiff a residual functional capacity ("RFC") of light work in reliance on a physician's opinion that precludes light work.**

Plaintiff contends that the ALJ erred in finding that Plaintiff has the RFC to perform a full range of light work. According to Plaintiff, the ALJ accepted the functional limitations identified by Dr. Fontana, who opined that Plaintiff cannot reach, such that this limitation should have resulted in a finding of disabled because the VE testified that a "no reach" limitation would disqualify Plaintiff from all work.  Plaintiff's argument fails for several reasons.  First of all, a review of the ALJ's decision reflects that while he assigned determinative evidentiary weight to the information provided in Plaintiff's treatment records from Thomas Hospital and Dr. Fontana's findings, he did not find that Plaintiff has a "no reach" limitation.  The AlJ expressly found that

> [T]he claimant is physically capable of sitting for six hours during an eight hour workday, standing and/or walking for six hours during an eight hour workday, occasionally lifting and/or carrying up to 20 pounds, and frequently lifting and/or carrying up to 10 pounds.  The claimant's ability to handle,

>finger, and feel is unlimited.  The claimant can
>frequently climb ramps and stairs, balance, stoop,
>kneel, crouch and crawl.  With respect to
>environmental limitations, the claimant is unlimited
>in all relevant areas except that he has moderate
>limitation being around moving machinery.  He is
>limited  with no overhead activities, no constant
>repetitive activity and no pulling on arm controls.

The residual functional capacity is an assessment which is based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997), *citing* 20 C.F.R. § 404.1545(a). The "determination of residual functional capacity is within the authority of the ALJ and the assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite her impairments." Beech v. Apfel, 100 F. Supp.2d 1323, 1330 (S.D. Ala. 2000), *citing* 20 C.F.R. § 404.1546, Lewis v. Callahan, 125 F.3d at 1440.

In case at hand, the VE testified that if Plaintiff is restricted to no reaching, there are no jobs which he can perform. The VE further testified that based upon a review of Dr. Fontana's narrative statement in conjunction with the form, he read Dr. Fontana to have restricted Plaintiff to no overhead activities as opposed to no prohibition on reaching.  According to the VE, a no reaching prohibition would be inconsistent with Dr. Fontana's finding that Plaintiff can lift up to 20 pounds occasionally.

The ALJ correctly considered all of the relevant evidence, including Dr. Fontana's assessments, the treatment records and the

VE's testimony, in determining Plaintiff's RFC. Based upon said review, the ALJ found that Plaintiff is prohibited from overhead activities, but not from all reaching. Substantial evidence supports the ALJ's finding. While Dr. Fontana checked the box on the FCE form indicating that Plaintiff can never reach, there is nothing in his physical examination of Plaintiff, nor in his narrative statement which indicates that Plaintiff is unable to do any reaching. Plus, Dr. Fontana's narrative statement, which expressly prohibits overhead activities, provides strong evidence that Plaintiff's reaching restriction is limited to overhead reaching rather than a complete prohibition from all reaching. This is further bolstered by Dr. Fontana's finding that Plaintiff is capable of occasionally lifting up to 20 pounds.

Moreover, Plaintiff's treatment records are devoid of any evidence which suggests that Plaintiff is unable to do any reaching. They instead reflect that on more than one occasion, Plaintiff reported being engaged in activities that clearly involve some level of reaching, such as pulling trees. (Tr. 195). Additionally, while Plaintiff testified during the administrative hearing that he sometimes can only lift his arms so high, he did not indicate that he is unable to engage in any reaching activities. In fact, Plaintiff testified that he is able to take care of his personal needs, and that he is able to drive a vehicle, an activity that clearly involves some level of reaching.

Accordingly, substantial evidence supports the ALJ's findings regarding Plaintiff's RFC, and his determination that Plaintiff can return to his past work and can perform other work in the national and local economies.

## V.  Conclusion

For the reasons set forth, and upon careful consideration of the administrative record and memoranda of the parties, it is recommended that the decision of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits, is due to be **AFFIRMED.**

**DONE** this **19th day of June, 2009.**

                                    **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                            **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**